# ORIGINAL

# In the United States Court of Federal Claims

No. 13-864C

(Filed: December 5, 2014)

**FILED**

DEC - 5 2014

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                    *
JON J. BANKS,                       *
                                    *
                    Plaintiff,      *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
*************************************
```

Action for Improper Military Discharge;
Jurisdiction Under Military Pay Act;
Voluntary Separation; Failure to State a
Claim on Which Relief Can Be Granted.

*Jon J. Banks*, Chamblee, Georgia, *pro se*, Plaintiff.

*William J. Grimaldi*, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

<u>OPINION AND ORDER</u>

WHEELER, Judge.

Plaintiff Jon J. Banks is before this Court seeking redress for his treatment during the time he enlisted in the U.S. Army and served 31 days of active duty before his discharge by the Army for medical reasons. Prior to filing in this Court, Mr. Banks unsuccessfully sought relief twice from the Army Board for Correction of Military Records (ABCMR). He then filed suit in the U.S. District Court for the Northern District of Georgia, seeking cancellation of his military discharge together with back pay and benefits due under his enlistment contract, or in the alternative, damages for breach of his enlistment contract and fraud in the inducement of the contract and a change of his military discharge from "uncharacterized" to "honorable." The District Court found that Mr. Banks' claims were Tucker Act (28 U.S.C. § 1491) claims exceeding $10,000, thus precluding subject matter jurisdiction in that Court, and it transferred the suit to this

Court. Banks v. McHugh, No. 12-03192 (N. D. Ga. Aug. 30, 2013). For the reasons explained below, the Court dismisses Mr. Banks' action for failure to state a claim upon which relief can be granted.

## Background

Mr. Banks enlisted in the officer candidate program of the U.S. Army in July 2008. Administrative Record (AR) 160-162. At that time, the Army conducted a medical screening of Mr. Banks and cleared him for enlistment. AR 107-114. On August 12, 2008, Mr. Banks entered active duty and the Army assigned him to Fort Benning, Georgia, for initial training as an E-4 under the delayed entry program, with officer candidate training to follow after completion of basic training. Within a week of arrival, Mr. Banks sought medical care for injury due to carrying equipment, AR 117, and in a subsequent examination including an x-ray, the Army found him to have curvature of the lower spine together with degeneration of lumbar discs. AR 115. The Army referred his case to an Entry Physical Standards Board, which determined on August 20, 2008, that Mr. Banks had a medical condition which existed prior to his enlistment, and recommended that he be separated from service due to the condition. Id. A week after that recommendation, Mr. Banks signed DA Form 4707, consenting to separation from service. AR 115-116. On September 11, 2008, after 31 days of active duty, Mr. Banks was separated from the Army with a medical discharge showing an "entry level (uncharacterized) characterization of service". AR 135, 300-301.

Shortly after his departure from the Army, Mr. Banks wrote a letter of complaint to his Congressman, describing his view of the mistreatment he experienced in Echo Company during his time in the Army, and asking him to review the matter. AR 396-406. The Congressman forwarded his letter to the Army, which prompted an "Army Regulation 15-6" investigation. (Pl's Resp. to Def.'s Mot. to Dismiss, app.) That investigation led to a finding of misconduct in treatment of soldiers by three of the drill sergeants commanding Echo Company, and recommendations for disciplinary action. Id. No evidence of mistreatment of Mr. Banks specifically was included in the investigation. Mr. Banks also filed a complaint with the U.S. Army Office of the Inspector General, alleging improprieties in his recruitment as well as mistreatment at Echo Company. AR 93-139. These allegations started a second investigation, this time by the Army Training and Doctrine Command Inspectors General ("TRADOC"). AR 311. That investigation led to findings that his claims of recruitment improprieties and of mistreatment at Echo Company were not substantiated. AR 349-351, 355.

In March 2009, Mr. Banks sought review of his discharge by the ABCMR, seeking cancellation of the discharge, back pay and benefits due as a commissioned officer under his enlistment contract, compensation for losses incurred in preparation for enlistment, and change of his discharge status from "uncharacterized" to "honorable." AR 17, 91. On December 15, 2009, the ABCMR issued its decision denying relief. AR 17-27. Mr. Banks then sought reconsideration of the ABCMR decision, submitting additional evidence. On July 19, 2011, the ABCMR again denied relief. AR 3-15.

Mr. Banks maintains that he was induced to enlist by an Army recruiter who advised him to conceal his history of back problems, and that he incurred substantial monetary losses in preparation for his enlistment. Further, he claims he was subjected to such severe mistreatment while in basic training that he was forced under duress to consent to separation from service. In his complaint he seeks money damages for losses in reliance on his enlistment contract, back pay and benefits due under the enlistment contract as if it had been performed, and issuance of an honorable discharge in place of the uncharacterized discharge he received.

Counsel for the Government filed a motion to dismiss the complaint on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claims of fraudulent inducement and breach of enlistment contract under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), or in the alternative, should this Court find it has subject matter jurisdiction, the case should be dismissed for failure to state a claim upon which relief can be granted under RCFC 12(b)(6). If the Court finds it has jurisdiction under Rule 12, Defendant has also filed a Motion for Judgment on the Administrative Record, arguing that the two decisions by the ABCMR affirming Plaintiff's separation from service should be upheld.

Analysis

A. Subject Matter Jurisdiction.

Pursuant to the Tucker Act, 28 U.S.C. § 1491, the U.S. Court of Federal Claims has jurisdiction over claims for money damages "not sounding in tort" against the United States. But the Tucker Act does not create any substantive right; the Act merely confers jurisdiction on the Court whenever a source of substantive right exists. That source must be "money-mandating." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Plaintiff in this case is proceeding *pro se*, and his claims for relief are not based specifically on a "money-mandating" source of law. For this reason, the Government argues that this Court lacks subject matter jurisdiction. (Regrettably, in defending against Mr. Banks' claims, the Government has argued both ways:  in the U.S. District Court

3

proceeding where this case originated, the Government argued the opposite approach, maintaining that this same complaint should be liberally construed and viewed as a Tucker Act claim in order to invoke exclusive Court of Federal Claims jurisdiction.) This Court finds that, because Mr. Banks is proceeding *pro se*, he is entitled to a liberal construction of his pleading. Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972); Forshey v. Principi, 284 F.3d 1335, 1357-1358 (Fed. Cir. 2002). The complaint alleges a wrongful discharge and includes a money damages claim for back pay, giving this Court jurisdiction under the Military Pay Act, 37 U.S.C. § 204. Smith v. Sec'y of Army, 384 F.3d 1288, 1294 (Fed. Cir. 2004). Thus, even though Plaintiff did not cite the Military Pay Act in his complaint, the Court will accept jurisdiction as if it had been cited, and Defendant's motion to dismiss for lack of jurisdiction under RCFC 12(b)(1) must fail.

    B. Jurisdiction under RCFC 12(b)(6).

    Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Thus, the complaint must state a right for which this Court can provide a remedy, and also must plausibly suggest an entitlement to relief. Ashcroft v. Iqbal, 556 U.S 662, 678 (2009). Rights conferred by the Military Pay Act are limited: they are governed by statute and regulation, and are not based upon a contract of enlistment. Bell v. United States, 366 U.S. 393, 401 (1961); Sonnenfeld v. United States, 62 Fed. Cl. 336, 338 (2004). When reviewing a pay claim pursuant to that statute, the voluntariness of a plaintiff's discharge must be examined. In Metz v. United States, 466 F.3d 991 (Fed.Cir. 2006), the Federal Circuit instructed that a plaintiff seeking relief under the Military Pay Act "must assert and ultimately establish that his separation was involuntary in order to fit within the scope of, and take advantage of, the money-mandating status of §204, or else his claim falls for failure to state a claim upon which relief can be granted." Id. at 998. Where a member of the military resigns or retires, his decision is presumed to be voluntary. House v. United States, 99 Fed. Cl. 342, 347 (2011) (citing Moyer v. United States, 190 F.3d 1314, 1320 (Fed. Cir. 1999), Tippett v. United States, 185 F.3d 1250, 1255 (Fed. Cir. 1999), and Moody v. United States, 58 Fed. Cl. 522, 524 (2003)). To overcome the presumption of voluntary separation from service, "[i]t is a plaintiff's burden to demonstrate otherwise, essentially showing that his decision was not freely made." House, 99 Fed. Cl. at 347. A plaintiff may show his separation was involuntary as a result of government misrepresentation, coercion, or duress. Murphy v. United States, 69 Fed. Cl. 593, 604 (2006), aff'd on other grounds, 22 F. Appx. 966 (Fed.Cir. 2007).

    At the time of Mr. Banks' separation from the Army, he filled out and signed a portion of DA Form 4707, which is the Army's report of the Entrance Physical Standards

Board Proceedings in his case, showing its medical findings and recommendation for separation from military service. AR 115, 116. The portion of the Form 4707 addressed to the service member states that "I understand that legal advice of an attorney employed by the Army is available to me or that I may consult civilian counsel at my own expense." The form then provides four choices, one of which is to be selected by the service member. Mr. Banks chose the first one, concurring with the proceedings and requesting to be discharged "without delay." The other three choices were: (2) concurrence, with a request to remain on active duty; (3) disagreement that the medical condition existed prior to service and a request for reconsideration; and (4) disagreement that the condition was disqualifying on entry and a request for reconsideration. AR 116. A plain reading of this section would lead to the conclusion that Mr. Banks' choices were made clear to him at the time he chose to sign the Form 4707. However, Mr. Banks argues that, because he was under duress at the time due to mistreatment by the drill sergeants overseeing his basic training, he felt compelled to agree to separation. The question before this Court is then, whether Plaintiff has alleged sufficient facts supporting a claim of duress, to overcome the presumption of voluntariness of his separation from service, and thus to avoid dismissal under Rule 12(b)(6).

In Christie v. United States, 518 F.2d 584 (Ct. Cl. 1975), the Court of Claims noted that duress is not measured by a plaintiff's "subjective evaluation of a situation. Rather, the test is an objective one." Id. at 587. An objective examination of the facts set forth by Mr. Banks in his pleadings leads to the conclusion that the presumption of voluntary separation from service has not been overcome. Mr. Banks is educated and intelligent enough to have qualified for officer candidate school, and it is clear from his pleadings that he was aware of his choice to consult legal counsel prior to signing the Form 4707. (Compl. ¶ 29, 30). Further, that form presented his options, and he could have challenged the medical conclusions of the Entrance Physical Standards Board while remaining in service. As the Court observed in Christie, "[m]erely because plaintiff was faced with an inherently unpleasant situation...does not obviate the voluntariness of her resignation." Id. See also House, 99 Fed.Cl. at 351, (a claimant must show he had "no reasonable alternative" to resigning). Here it is clear that Mr. Banks had alternatives and that he understood them. For these reasons, the Court finds that Plaintiff has failed to overcome the presumption of voluntariness of his separation from service, and his complaint must be dismissed under Rule 12(b)(6). It should be noted that, had the Court reached the merits of this case, invoking a review of the two ABCMR decisions in the administrative record, it would have reached the same result.

Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss under Rule 12(b)(1) is DENIED, but its Motion to Dismiss under Rule 12(b)(6) is GRANTED. Accordingly, the Clerk of Court is directed to dismiss the complaint.

IT IS SO ORDERED.

_Thomas C. Wheeler_
THOMAS C. WHEELER
Judge